

**ORDERED in the Southern District of Florida on September 29, 2023.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

IN RE:

SHOPS@BIRD & 89, LLC

    Debtor

_____/

CASE: 23-13358-RAM
Chapter 11

**ORDER AUTHORIZING SALE**

On September 21, 2023 at 1:30 PM, this Court heard the motion entitled, "MOTION TO SELL PROPERTY FREE AND CLEAR OF ALL LIENS" [DE 62] ("**Sale Motion**") filed by the Debtor, SHOPS@BIRD & 89, LLC ("**Debtor**"), and upon review of the pleadings, upon review of the file, listening to argument of counsel, and being otherwise duly advised in the premises, the Court does hereby,

Enter these Findings of Fact and Conclusions of Law:

**FINDINGS of FACT**

1. On April 28, 2023 (the "**Petition Date**"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor owned a nonhomestead property located at 8945 Bird Rd, Miami, Florida ("**Real Property**") on the Petition Date which is legally described as:

> LOTS 4, 5, 12, AND 13, BLOCK 2, OLYMPIA GARDENS,
> ACCORDING TO THE PLAT, THEREOF, AS RECORDED
> IN PLAT BOOK 41, PAGE 80, OF THE PUBLIC RECORDS
> OF DADE-COUNTY, FLORIDA.
>
> TAX PARCEL ID: 30-4021-003-0130

3. A firm offer to acquire the Real Property for the sum of two million six hundred thousand dollars ($7,200,000.00) ("**Purchase Agreement**") was made by Latinos Salud  ("**Purchaser**").

**CONCLUSIONS OF LAW**

4. The Sale Motion and hearing were properly noticed in accordance with Rules 2002, 6003 and 6004, Fed.R.Bankr.P.

5. This Court has jurisdiction over the Sale Motion and the Purchase Agreement pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

6. This Sale Order constitutes a final ruling; and, is not an appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and

expressly directs entry of judgment as set forth herein. The parties may proceed to closing forthwith.

7. The statutory predicates for the relief sought in the Sale Motion, and granted in this Sale Order, including without limitation sections 105(a) and 363(b), (f) and (m) of the Bankruptcy Code, and Bankruptcy Rules 2002 and 6004, as well as appropriate local rules.

8. No party in interest or otherwise has filed a written objection to the sale, appeared at the hearing to voice objection – and by such failures all parties are deemed to have consented to the sale.

9. Purchaser is not a person with whom the Debtor is associated within the meaning of section 525 of the Bankruptcy Code, nor does any party with any legal or equitable holding of Purchaser have any interest with the Debtor or this estate.

10. The Purchase Agreement, and each of the transactions contemplated therein, were negotiated, proposed and entered into by the Debtor and the Purchaser in good faith, without collusion and from arm's-length bargaining positions. The Purchaser has proceeded in good faith in all respects in connection with this proceeding, is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to all the protections afforded thereby. Neither the Debtor, the Purchaser nor the Purchaser's present or contemplated owners have engaged in any conduct that (1) would cause or permit the Purchase Agreement or any of the transactions contemplated thereby to be avoided; (2) would tend to hinder, delay or defraud creditors; or (3) impose costs and damages under section 363(n) of the Bankruptcy Code.

11. The Debtor may sell the Real Property free and clear of all claims because one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code have been satisfied.

12. The Debtor, as a lawful owner of the Real Property, acknowledges and agrees to the sale and the Debtor confers that the transfer is of any legal, equitable or beneficial right, title or interest the Debtor may have in the Real Property to the Purchaser.

13. The consummation of the Purchase Agreement and the transfer of the Real Property to the Purchaser will be a legal, valid and effective transfer of all of the legal, equitable and beneficial right, title and interest in and to the Real Property free and clear of all Claims, except as otherwise provided in this Sale Order. All holders of claims are adequately protected - and the Sale Transaction thus satisfies section 363(e) of the Bankruptcy Code - by having their claims, if any, attach to the proceeds of the Sale ultimately attributable to the property against which they have a claim or other specifically dedicated funds, in the same order of priority and with the same validity, force and effect that such Claim holder had prior to the Sale, subject to any rights, claims and defenses of the Debtor or his estates, as applicable, or as otherwise provided herein. Any liens or claims paid in full as provided below shall not attach to the proceeds.

| Payee | Amount |
|---|---|
| Safe Harbor Equity Distressed Debt Fund 3 L.P. [Final Judgment, which includes fee award in foreclosure] | $5,635,755.54[1] plus interest of 5.52% from January 26, 2023 to closing date |
| U.S. Trustee Fee for $7,200,000.00 for quarter of the closing | $53,850.00 |
| Realtor Fee to Trustee Realty or Jason Welt | $288,000.00 |
| Miami-Dade Taxes | Whatever is pro rated to date of closing |

---

[1] Final Judgment of $5,577,772.04 plus fee award of $54,983.50.

| Safe Harbor Equity Distressed Debt Fund 3 L.P.[Fee Award plus Costs in Bankruptcy] | Amount ordered by court in separate docketed item |
|---|---|
| Attorney Fee Robert C. Meyer, P.A. | Amount ordered by court in separate docketed item |

THEREFORE, it is ORDERED that:

A. The Motion is GRANTED under the conditions recited below.

B. The estate or any escrow/disbursing agent at the closing is authorized to make immediate payment to the parties substantially in conformity with the representations in the box listed above without further notice or hearing.

C. The closing agent or the Debtor may additionally pay any costs customarily paid at a real property closing in Miami-Dade County, Florida; including payment for closing any open permits or other inchoate liens agreed to be enforceable (and mutually agreed not deemed stale under Chapter 55, Fla. Stat.)  which individually amount to no more than $7,500.00.

D.  Any funds listed in ¶ C above, which are the subject to any dispute, shall be held by Debtor and may be subjected to review before this Court in an appropriate matter.

E. The funds after payment of undisputed costs as well as customary costs ("**Net Proceeds**") shall be held by the estate or in the Trust Account of Robert C. Meyer, P.A. – counsel for the Debtor – and not disbursed without further order of the court.

F.  As provided by Bankruptcy Rule 6004(h), this Order shall not be stayed for fourteen days after its entry and shall be effective forthwith.

G. The Debtor and the Purchaser are authorized to close the Sale in immediate fashion and in accordance with the terms and conditions recited herein. To aid in the expedited closing of the Purchase Agreement, the Purchase Agreement or any related documents may be modified,

amended, or supplemented by agreement of the Debtor and the Purchaser (with the Debtor providing notice of such modifications, amendments and corrections to any appropriate parties in interest) without further action of the Court, provided that any such modification, amendment, or supplement will not have any adverse effect upon the Debtor's bankruptcy estate. The closing on the Purchase Agreement, or the taking of any action contemplated thereunder, by any person acting on behalf of the Debtor, or the Purchaser, shall be, and hereby is, deemed conclusive evidence of the authority of such person to so act.

H. Any party objecting to this Sale Order must exercise due diligence in filing an appeal and pursuing a stay or risk its appeal being foreclosed as moot in the event Purchaser and the Debtor elect to close prior to this Sale Order becoming a Final Order.

I. This Sale Order is incorporated by a confirmed Chapter 11 plan. The Plan, upon being confirmed under 11 U.S.C. §§ 1129, authorized the sale of the Real Property which "may not be taxed under any law imposing stamp tax or similar tax." See 11 U.S.C. § 1146(a). This Sale of the Real Property is integral to the confirmation and payment to the creditors. Under Florida law, the exception to documentary stamps is acknowledged by the Florida Department of Revenue which has enacted administrative laws for an exception to documentary stamps when, "(15) Confirmed Bankruptcy Plan: A document that transfers an interest in Florida real property pursuant to Bankruptcy Code (Title 11 U.S.C.) prior to the date of the transfer is not taxable. A document that transfers Florida real property prior to confirmation of the bankruptcy plan is subject to tax. (11 U.S.C. Section 1146(a); *Florida Department of Revenue v. Piccadilly Cafeterias, Inc.* 554 U.S 33 (2008))." See Rule 12B-4.014 Conveyance Not Subject to Tax, Florida Administrative Code.

J. This Court retains jurisdiction to interpret, implement and enforce the terms and provisions of this Order including to compel delivery of the Real Property, to protect the Purchaser

against any Claims and to enter any orders under sections 105 or 363 (or other applicable provisions) of the Bankruptcy Code to transfer the Real Property.

K.  Copies of this order shall be delivered to all entities or parties of interest to a Chapter 11 plan that was confirmed under Section 1129 of the Bankruptcy Code prior to the date of the transfer is not taxable. A document that transfers Florida real property prior to confirmation of the bankruptcy plan is subject to tax. (11 U.S.C. Section 1146(a); Florida Department of Revenue v. Piccadilly Cafeterias, Inc. 554 U.S 33 (2008)).” See Rule 12B-4.014 Conveyance Not Subject to Tax, Florida Administrative Code.

L. This Court retains jurisdiction to interpret, implement and enforce the terms and provisions of this Order including to compel delivery of the Real Property, to protect the Purchaser against any Claims and to enter any orders under sections 105 or 363 (or other applicable provisions) of the Bankruptcy Code to transfer the Real Property.

M.  Copies of this order shall be delivered to all entities or parties of interest.

# # #

**Submitted by:**
ROBERT C. MEYER, P.A.
Attorneys for Debtor
2221 Coral Way, Second Floor
Miami, FL 33145
Phone No. (305)285.8838
Fax No.(305)285.8919
meyerrobertc@cs.com

Attorney Meyer is hereby directed to mail a conformed copy of this order to all parties of interest within 3 days of entry.